# Exhibit A



| | |
|---|---|
| **Notice of Service of Process** | null / ALL<br>Transmittal Number: 21511945<br>Date Processed: 05/14/2020 |

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Felicia Johnson vs. Nationwide Property and Casualty Insurance Company |
| **Matter Name/ID:** | Felicia Johnson vs. Nationwide Property and Casualty Insurance Company (10245482) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202013532 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/14/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Arguello Law Firm<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

DELIVERED THIS ____ DAY OF ____
BY: R Henderson
INITIALS: ____ LIC# 17001

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 895401
Tracking Number: 73740466

CAUSE NUMBER: 202013532

| PLAINTIFF: JOHNSON, FELICIA | In the 234th Judicial |
|---|---|
| vs. | District Court of |
| DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | Harris County, Texas |

## CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

211 E 7TH ST STE 620

AUSTIN TX 78701

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.
This instrument was filed on February 27, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 3, 2020.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: BRIANNA J. DENMON

Issued at request of:
ARGUELLO, ANDRES ALEJANDRO
101 E. LITTLE YORK RD. STE. D
HOUSTON, TX   77076
281-884-3960

Bar Number: 24089970

DELIVERED THIS ____ DAY OF ____
AT: ____ : ____ AM/PM
BY: _____
PROFESSIONAL CIVIL PROCESS
INITIALS: ____ LIC# ____

Tracking Number: 73740466

CAUSE NUMBER: 202013532

| | |
|---|---|
| PLAINTIFF: JOHNSON, FELICIA | In the 234th |
| vs. | Judicial District Court |
| DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20_____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20_____.

FEE: $ _____

_____ of _____

County, Texas

_____   By: _____
Affiant                           Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20_____

_____
Notary Public

2/27/2020 4:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41225304
By: C Ougrah
Filed: 2/27/2020 4:46 PM

CAUSE NO. _____

| | | |
|---|---|---|
| FELICIA JOHNSON, <br> *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND <br> CASUALTY INSURANCE COMPANY <br> *Defendant.* | § § § § | \_\_\_\_TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, FELICIA JOHNSON (herein "Plaintiff") and files this PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, complaining of NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY (herein "Nationwide" or "Defendant") and respectfully shows this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff Felicia Johnson is an individual residing in Harris County, Texas.

3. Defendant Nationwide is a foreign insurance company engaged in the business of insurance in the State of Texas with its principal office located in Columbus, Ohio. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Harris County. Defendant Nationwide may be served via its registered Attorney for Service: Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION

PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE                                                           PAGE 1

10

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant Nationwide because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## IV. VENUE

6. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## V. FACTS

7. Plaintiff is the owner of a Homeowner's Insurance Policy, with Policy No. 78 42 HO 528891, which was issued and sold by Nationwide (hereinafter referred to as "the Policy").

8. Plaintiff owns the insured property, which is specifically located at 8443 Springtime Lane, Houston, Texas which is located in Harris County, Texas (herein "the Property").

9. On or about August 25, 2017, Hurricane Harvey struck Harris County, Texas ("the Incident"). This storm caused substantial damage to buildings in the area, including Plaintiff's Property.

10. Plaintiff submitted a claim to Nationwide against the Policy referenced in paragraph 7 for water and wind damage to the Property sustained as a result of the Incident, and its claim was assigned claim number 865659-GF by Defendant Nationwide ("the Claim"). Plaintiff asked that Nationwide cover all costs of repairs to the Property, pursuant to the Policy.

11. Nationwide acknowledged the claim and informed the Plaintiff that further on-site investigation of the claim might be necessary.

12. Thereafter, Nationwide assigned Ms. Lauren Elbon (herein "Elbon") to inspect the Property and adjust the claim on its behalf. During her inspection of the Property, conducted on or about September 19, 2017, Elbon failed to find plainly visible damage sustained by Plaintiff's dwelling. In fact, Elbon failed to find any damage to the omitted the bedroom and bedroom closet damages because she claimed she lacked confirmation that any of my Client's prior 2008 claim repairs to the bedroom were completed. However, visible past repairs from the 2008 claim were present at the time of inspection, such as replacement laminate floors in the bedroom. Ultimately, Elbon's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained by Plaintiff. Elbon's unreasonable investigation was relied upon by Nationwide in this action. Elbon's investigation resulted in an underpayment of the claim by Nationwide.

13. Defendant Nationwide failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiff.

14. Defendants Nationwide and Elbon misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Nationwide and Elbon's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

15. Defendants Nationwide and Elbon failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

16. Defendants Nationwide and Elbon failed to explain to Plaintiff the reasons for their denial of Plaintiff's full claim. Specifically, Defendants Nationwide and Elbon failed to offer Plaintiff adequate compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Defendants Nationwide and Elbon did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendants Nationwide and Elbon is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

17. Defendant Nationwide refused to fully compensate Plaintiff, under the terms of the Policy, even though Nationwide and Elbon failed to conduct a reasonable investigation. Specifically, Nationwide and Elbon performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Nationwide and Elbon constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

18. Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

19. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's

claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

20. Defendant Nationwide and Elbon knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

21. As a result of Defendant Nationwide and Elbon's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

## VI. CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE

22. Defendant Nationwide is liable to Plaintiff for breach of contract, as well as "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code.

#### A. BREACH OF CONTRACT

23. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

24. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiff.

25. A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17

(Tex.App.—Houston [1st Dist.] 2005, pet. denied).

26. A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

27. Defendant Nationwide's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of her obligations under the Policy, including the payment of the premium, constitutes a breach of Nationwide's insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

28. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

29. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

30. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

31. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

32. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3); see supra ¶ 12.

33. Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

34. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

35. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

36. Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

37. Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. ACTS CONSTITUTING ACTING AS AGENT

38. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

39. As referenced and described above, and further conduct throughout this litigation and lawsuit, Elbon is an agent of Defendant Nationwide based on Defendant Nationwide's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

40. Separately, and/or in the alternative, as referenced and described above, Defendant Nationwide ratified the acts, negligent hiring and training, supervision and/or omissions of Elbon, including the completion of her duties under the common-law and statutory law.

## VII. KNOWLEDGE

41. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

42. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII. DAMAGES

43. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44. As previously mentioned, the damages caused by the August 26, 2017 storm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Nationwide's mishandling of Plaintiff's claim in violation of the laws set forth above.

45. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

47. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as ten and a one half (10.5%) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. CONDITIONS PRECEDENT

49. Plaintiff asserts that all conditions precedent to filing suit under the policy referenced in paragraph 7 have been met and fulfilled.

## X. REQUESTS FOR DISCLOSURE

50. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants Nationwide disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (l) of the Texas Rules of Civil Procedure.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she is justly entitled.

Respectfully submitted this the 27th day of February, 2020.

**ARGUELLO LAW FIRM**
101 E. Little York Rd., Suite D
Houston, Texas 77076
Telephone: (281) 884-3960
Facsimile: (281) 884-3961

By: /s/ *Andres Arguello*
Andres Arguello
SBN: 24089970
andres@defyoppression.com

COUNSEL FOR PLAINTIFF
FELICIA JOHNSON